**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-2658
_____

VI CARNIVAL COMMITTEE INC.,
                                        Appellant

v.

VI DEPARTMENT OF TOURISM;
JOSEPH BOSCHULTE;
IAN TURNBULL;
HALVOR HART
_____

On Appeal from the District Court of the Virgin Islands
(D.C. No. 3:22-cv-0019-001)
District Court Judge: The Honorable Robert A. Molloy
_____

Argued on May 22, 2023
_____

BEFORE: RESTREPO, McKEE, and SMITH, *Circuit Judges.*

(Filed: September 21, 2023)

Terri Griffiths **[ARGUED]**
701 Market St., Suite 111
Box 1029
St. Augustine, FL 32095

   *Attorney for Appellant*

Michael R. Francisco, Esq. **[ARGUED]**
Assistant Attorney General
Department of Justice

34-38 Kronprindsens Gade
GERS Bldg., 2nd Floor
St. Thomas, VI 00802

      *Attorneys for Appellees*

_____

OPINION[*]

_____

RESTREPO, *Circuit Judge.*

In an effort to maintain its leadership role in running the St. Thomas carnival, the Virgin Island Carnival Committee (VICC) moved to enjoin government officials from using the phrases "St. Thomas Carnival" and "Virgin Islands Carnival" by claiming trademark infringement. The District Court, after finding the phrases to be generic and not legally protectable, denied the motion. We agree with the District Court's findings and will affirm the order denying preliminary injunctive relief.

## I.    Facts and Procedural History

The tradition of the St. Thomas Carnival festival dates as far back as 1912. In 1952, the appellant VICC formed to revive the Carnival in St. Thomas. VICC, which was legally incorporated in 1976, worked in partnership with the Government of the Virgin Islands (GVI) to organize and run the festival. VICC acted as the primary organizer, but the Carnival depended heavily on the GVI's financial and logistical resources. The GVI provided the Carnival with "venues, police support, free power and water supplies, EMT services, and the lion's share of the budget." J.A.7.

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

The relationship between VICC and the GVI eventually soured. In 2004, VICC filed a lawsuit to stop the V.I. Inspector General from conducting an audit of its financial records at the behest of the V.I. legislature. In the proceedings that followed before a territorial court, a member of VICC acknowledged that the Carnival was a program under the purview of the GVI's Department of Housing, Parks, and Recreation. The territorial court ruled that VICC acted as a government program administrator and was therefore required to cooperate with the government audit. *See V.I. Carnival Comm. Inc. v. Legislature of the V.I.*, 46 V.I. 33 (V.I. Terr. Ct. 2004).

Two months after this ruling, VICC applied to register the service marks "Virgin Islands Carnival" and "St. Thomas Carnival" with the United States Patent and Trademark Office (USPTO). The USPTO initially denied the applications, finding that the marks were unprotectable because "Carnival" is a generic term, and "Virgin Islands" and "St. Thomas" are geographic descriptors of a generic term. VICC appealed the denials, attesting this time that it had "substantially exclusive and continuous use" of the marks as trademarks for the five years prior to filing the applications. J.A.982. Reversing course, the USPTO registered both marks in 2007.

In 2019, the Virgin Islands Legislature created a Division of Festivals within the Department of Tourism. The new division was tasked with administrative duties related to promotion and execution of the St. Thomas Carnival. In 2022, the Division of Festivals promoted an event named "St. Thomas Carnival V.I." and "St. Thomas Carnival Virgin Islands." In response, VICC filed a complaint in District Court alleging that the GVI

3

committed trademark infringement under the Lanham Act.[1]  It then filed a motion for a temporary restraining order or, in the alternative, a preliminary injunction, seeking to enjoin the GVI officials from using the registered marks.  The District Court denied the motion for a restraining order but granted a preliminary injunction hearing.

After a two-day hearing, the District Court denied VICC's request for a preliminary injunction, finding, *inter alia*, that the two marks—"St. Thomas Carnival" and "Virgin Islands Carnival" —were generic and could not be trademarked.  Even if the marks could be deemed descriptive, and therefore potentially legally protectable, the Court ruled that VICC did not establish they had a secondary meaning for the carnival consumers, whereby the public associated VICC with the marks as their singular commercial source.  Instead, the District Court cited the "numerous witnesses" that testified that the St. Thomas Carnival had been a "joint venture" between VICC and the GVI for as long as VICC had been involved.  J.A.13.

VICC filed this timely appeal, contesting the denial of the preliminary injunction.

## II.    Discussion

The District Court had jurisdiction over VICC's trademark claim pursuant to 15 U.S.C. § 1121(a).  Under 15 U.S.C. § 1116(a), a District Court has the power to grant an injunction "to prevent the violation of any right of the registrant of a mark registered in the Patent and Trademark Office" or to protect an unregistered mark from dilution or false or

---

[1] The complaint also accused the individual government officials of an unconstitutional taking under the Fifth Amendment.  The District Court deemed this claim waived because VICC "explicitly declined to proceed on its Takings theory in the preliminary injunction hearing."  J.A.11 (citing J.A.33, lines 11-25).  VICC does not contest this ruling, and we will not address it on appeal.

misleading use as per 15 U.S.C. § 1125. This Court has the jurisdiction to review the denial of an injunction under 28 U.S.C. § 1292(a)(1).

We review the denial of injunctive relief under the abuse of discretion standard. *Shire U.S. Inc. v. Barr Laboratories, Inc.*, 329 F.3d 348, 352 (3d Cir. 2003). We disturb a district court's act of discretion only if it is contrary to all reason, *Ansell v. Green Acres Contracting Co.,* 347 F.3d 515, 519 (3d Cir. 2003), or premised on an erroneous application of the law. *Kos Pharm. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004). We review a district court's factual findings, particularly the finding that the contested marks are generic, for clear error. *A.J. Canfield Co. v. Honickman*, 808 F.2d 291, 307 n.24 (3d Cir. 1986).

To obtain a preliminary injunction, VICC needed to show: (1) the trademark infringement claim had a likelihood of success on the merits; (2) that it would suffer irreparable harm if the injunction were denied; (3) that granting preliminary relief would not result in even greater harm to the named GVI officials; and (4) that the public interest favors such relief. *Kos Pharm.,* 360 F.3d at 708. Here, the District Court stopped its analysis at factor one, finding that VICC's trademark infringement claim did not have a likelihood of success.

To bring a successful trademark infringement claim, VICC would have had to establish that: (1) the marks were valid and legally protectable; (2) that it owned the marks; and (3) that the GVI officials' use of the marks to identify goods or services caused a likelihood of confusion. *A & H Sportswear, Inc. v. Victoria's Secret Stores, Inc.*, 237 F.3d 198, 210 (3d Cir. 2000). Again, the District Court did not need to look beyond factor one;

5

it properly found that VICC did not meet its burden of proof that the marks "St. Thomas Carnival" and "Virgin Island Carnival" are legally protectable. While it is undisputed that the marks were registered with the USPTO, a registration may be canceled at any time if the mark is deemed generic. *Park 'N Fly, Inc. v. Dollar Park and Fly, Inc.*, 469 U.S. 189, 194 (1985) (citing 15 U.S.C. § 1052, § 1064(c)). Here, the District Court's finding that the marks were generic was proper.

It is undisputed by the parties that the term "Carnival" has long been used to describe a type of festival that is "deeply ingrained in Caribbean culture." J.A.4. Both parties also recognize that the Virgin Islands hosted its own version of a carnival, beginning as far back as 1912. Rather than indicate a distinctive event, the use of "carnival" in VICC's marks denotes an event that belongs to a "species" of festival. Thus, the term "carnival" is generic because it is a common descriptor for a genus of festivals that occur throughout the Caribbean (and elsewhere). *Park 'N Fly, Inc.*, 469 U.S. at 194. The terms "St. Thomas" and "Virgin Islands" are generic because they are common geographical descriptors, attributed here to a general type of festival. *A & H Sportswear, Inc.*, 237 F.3d at 222 (3d Cir. 2000). *See also* 3 Callmann, Unfair Competition, Trademarks and Monopolies § 18.59, 4th ed. (1989) (stating that generally "no one is entitled to the exclusive right to the use of a geographical term in common use"). Accordingly, we hold the District Court did

not abuse its discretion in finding that the marks were "a combination of generic terms" and not entitled to protection. J.A.14.[2]

Even if the marks could be deemed descriptive, rather than generic, VICC did not establish a viable trademark infringement claim. A mark categorized as descriptive is protectable only if it has acquired a secondary meaning in the minds of the consuming public. *Commerce Nat'l Ins. Services., Inc. v. Commerce Ins. Agency, Inc.*, 214 F.3d 432, 438 (3d Cir. 2000). To plead a viable claim, VICC needed to establish that the carnival attendees associate VICC as the single source of the terms "St. Thomas Carnival" or "Virgin Islands Carnival." Further, VICC would have had to show that this association existed at the time that the GVI began to use the marks to promote the festival. *Id.* at 438. Such a showing would seem impossible given VICC's acknowledgment that it always worked in partnership with GVI officials to promote, organize and host the event. *See Beasley v. Howard*, 14 F.4th 226, 237 (3d Cir. 2021) (citing 15 U.S.C. § 1065) (holding that trademark enforcement cannot infringe on parties' valid right to use mark "continuing from a date prior to the date of registration"). Given VICC's failure to allege a potentially successful trademark infringement claim, the District Court's ruling was entirely proper.

---

[2] VICC alleges that the District Court improperly applied the anti-dissection rule by considering the different parts of the marks separately rather than assessing the terms as a whole. We disagree. It is appropriate when applying the anti-dissection rule for courts to first consider the important or "dominant" parts of a composite mark. *See* McCarthy on Trademarks and Unfair Competition, Fifth Edition § 23:42 (2023). Here, the District Court properly first addressed the protectability of the word "Carnival," which is the most dominant feature of the mark given that "St. Thomas" and "Virgin Islands" are common geographical terms. *In re Oppedahl & Larson LLP*, 373 F.3d 1171, 1174 (Fed. Cir. 2004) (holding that courts "may weigh the individual components of the mark" to assess its overall distinctiveness). We find no error in the District Court's analysis.

**III. Conclusion**

For the reasons stated above, we will affirm the denial of VICC's motion for a preliminary injunction.